BOUTALL, Judge.
Plaintiff appeals the granting of a summary judgment in favor of the defendant denying the plaintiff coverage for an automobile accident which occurred after the insurance policy was cancelled. We affirm.
The facts are not in dispute. The plaintiff, Bernard B. Pomes, III purchased a 1979 Chevrolet Corvette on September 28, 1978. Pomes applied for liability and collision insurance coverage through Tom J. Dunne, Insurance Consultant. Defendant, National Surety Corporation, a subsidiary of the Fireman’s Fund Group, issued an automobile policy through Dunne to Pomes covering the 1979 Chevrolet Corvette for a one year period beginning on September 28, 1978.
On November 1,1978, Pomes requested in writing that the insurance policy be can-celled and he stopped making any premium payments. Dunne sent several notices that the policy was subject to cancellation if no more premium payments were received. Pomes sent a notice to Dunne on November 22, 1978, once again requesting that his policy be terminated. In response to Pomes’s demands, National Surety sent a notice to him stating that the effective date of cancellation of the policy was to be December 18, 1978, at the standard time specified in the policy. The standard time specified in the policy was 12:01 A.M.; accordingly, the policy was terminated on December 13, 1978, at 12:01 A.M. On December 13, 1978, at 11:30 P.M., Pomes was involved in an automobile accident which totally wrecked his vehicle.
The issue before us is whether the granting of the summary judgment in favor of the defendant denying Pomes coverage is proper. Pomes argues that the cancellation notice of December 13, 1978, was ambiguous because it did not specify the exact time of cancellation but only referred to the standard time in the policy. We believe that the record clearly shows that Pomes repeatedly requested such cancellation and the insurance company merely complied with his wishes. The policy was cancelled at 12:01 A.M. on the morning of December 13, 1978. Pomes’s accident occurred the same day but nearly twenty-four hours after the policy period was terminated and was therefore not covered by the automobile insurance policy in question.
For the above reasons, the judgment is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.